**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ABDOULAYE SOUMANA | ) | CASE NO. |
| 5465 Trenton Dr. | ) | |
| Hilliard, Ohio 45013, | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND INJUNCTIVE RELIEF** |
| MARS PETCARE US, INC | ) | |
| 5115 FISHER RD. | ) | **JURY DEMAND ENDORSED** |
| Columbus, OH 43228, | ) | **HEREIN** |
| | ) | |
| **Serve Also:** | ) | |
| CT CORPORATION SYSTEM | ) | |
| Registered Agent | ) | |
| 4400 Easton Commons Way, Suite 125 | ) | |
| Columbus, Ohio 43219. | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Abdoulaye Soumana, by and through undersigned counsel, as his Complaint

against Defendant Mars Petcare Us. Inc, ("MARS") states and avers the following:

**PARTIES.**

1.    Soumana is a resident of the City of Hilliard, Franklin County, Ohio.

2.    MARS is a foreign corporation that, at all times referenced herein, did business at 5115

Fisher Road, Columbus, Ohio 43228.

**PERSONAL JURISDICTION.**

3.    MARS hires citizens of the state of Ohio, contracts with companies in Ohio, and owns or

rents property in Ohio. As such, the exercise of personal jurisdiction over MARS comports

with due process.

## SUBJECT MATTER JURISDICTION AND VENUE.

4. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Soumana is alleging a Federal Law Claim under the Americans with Disabilities Act (ADA) and Family and Medical Leave Act ("FMLA") 29 U.S.C. § 2617 et seq.

5. This Court has supplemental jurisdiction over Soumana's state law claims pursuant to 28 U.S.C. § 1367 as Soumana's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this District because MARS does a sizeable portion of their business in this District; they maintain a place of business in this district; and the wrongs herein alleged occurred and/or originated in this District.

## ADMINISTRATIVE HISTORY.

7. On or about December 15, 2025, the EEOC issued a Notice of Right to Sue letter to Soumana regarding the Charges of Discrimination brought by Soumana against MARS in the Soumana EEOC Charge.

8. Soumana received his Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1).

9. The Right to Sue letter is attached here as Exhibit A.

10. Soumana has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTUAL ALLEGATIONS.

11. Soumana is a former employee of MARS.

12. Soumana began working for MARS on or around March 8, 2021.

13. Soumana worked for MARS as a Forklift Driver

14. Soumana was diagnosed with MR Lumbar Spine without contrast, a condition that causes right leg weakness ("Soumana's Disability").

15. Soumana's Disability is a physical impairment that substantially affects major life activities like working.

16. Soumana is a qualified individual with a disability under the Americans with Disabilities Act and Ohio law.

17. Soumana made MARS aware of his disability.

18. Soumana made his manager aware of his disability.

19. In or around September 24, 2024, Soumana submitted medical documentation requesting FMLA leave.

20. Soumana made his request to his supervisor.

21. Soumana made MARS aware he needed reasonable accommodations in order to be able to safely and effectively do his job ("Accommodation Requests").

22. Soumana made his Accommodation Request to his manager Lonicker.

23. Soumana told his manager there were accommodations he was under because of his MR disability.

24. Soumana's Accommodation Requests consisted of intermittent leave.

25. Soumana's Accommodation Requests consisted of appropriate breaks when needed.

26. MARS denied Soumana's Accommodation Requests.

27. Before denying Soumana's Accommodation Requests, MARS did not determine the cost of Soumana's requested accommodations.

3

28. Before denying Soumana's Accommodation Requests, MARS did not determine the cost of providing any accommodation besides Soumana's requested accommodations.

29. MARS did not engage in any conversation with Soumana regarding any alternative accommodation options.

30. In response to Soumana's Accommodation Requests, MARS failed to engage in an interactive process to determine what accommodations Soumana could be provided as required by the ADA and Ohio law.

31. During Soumana's employment, MARS never explained why Soumana's Accommodation Requests was denied.

32. On or around September 25, 2024, Soumana followed up on his FMLA request as he was not given an answer regarding his request.

33. On September 26, 2024, MARS terminated Soumana ("Termiantion").

34. MARS terminated Soumana because of his disability.

35. BT$ terminated Soumana because of his accommodation request.

36. MARS terminated Soumana because it perceived him as disabled.

37. MARS terminated Soumana to interfere with his FMLA rights.

38. Terminating an employee based upon an employee's disability violates MARS's policies ("Anti-Discrimination Policy").

39. Alternatively, it is acceptable under MARS policy for supervisors to terminate an employee based on an employee's disability.

40. At all times referenced herein, MARS maintained a progressive disciplinary policy ("Discipline Policy").

41. A verbal warning is the lowest level of discipline in the Discipline Policy.

42.   Soumana did not receive a verbal warning before the Termination.

43.   A written warning is a higher level of discipline than a verbal warning in the Discipline Policy.

44.   Soumana did not receive a written warning before the Termination.

45.   A termination is the highest level of discipline in the Discipline Policy.

46.   By immediately terminating Soumana, MARS violated its own progressive disciplinary policy, skipping over all lesser forms of discipline.

47.   MARS's stated reason for terminating Soumana is a pretext for disability discrimination.

48.   MARS knowingly terminated Soumana's employment.

49.   MARS knowingly took an adverse employment action against Soumana.

50.   MARS knowingly took an adverse action against Soumana.

51.   MARS intentionally skipped progressive disciplinary steps in terminating Soumana.

52.   MARS intentionally terminated Soumana's employment.

53.   MARS intentionally took an adverse employment action against Soumana.

54.   MARS intentionally took an adverse action against Soumana.

55.   MARS knew that skipping progressive disciplinary steps in terminating Soumana would cause Soumana harm, including economic harm.

56.   MARS knew that terminating Soumana would cause Soumana harm, including economic harm.

57.   MARS willfully skipped progressive disciplinary steps in terminating Soumana.

58.   MARS willfully terminated Soumana's employment.

59.   MARS willfully took an adverse employment action against Soumana.

60.   MARS willfully took an adverse action against Soumana.

5

61.  As a direct and proximate result of MARS's conduct, Soumana suffered and will continue to suffer damages.

### COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

62. Soumana restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

63. At the time of his employment Soumana was able to complete the essential functions of his job.

64. Soumana is disabled.

65. In the alternative, Defendant perceived Soumana as being disabled.

66. Soumana's condition constituted a physical impairment.

67. Soumana's condition substantially impaired one or more of his major life activities including working.

68. Defendant perceived Soumana's condition to substantially impair one or more of his major life activities including, but not limited to, working.

69. Defendant treated Soumana differently than other similarly-situated employees based on his disabling condition.

70. Defendant treated Soumana differently than other similarly-situated employees based on his perceived disabling condition.

71. Defendant terminated Soumana without just cause.

72. Alternatively, Defendant's cited reason for Soumana's termination was pretext.

73. Defendant terminated Soumana's employment based on his disability.

74. Defendant terminated Soumana's employment based on his perceived disability.

75. Defendant violated the ADA when it terminated Soumana based on his disability.

76. Defendant violated the ADA when it terminated Soumana based on his perceived disability.

77. Defendant violated the ADA by discriminating against Soumana based on his disabling condition.

78. Defendant violated the ADA by discriminating against Soumana based on his perceived disabling condition.

79. Soumana suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to the ADA.

80. As a direct and proximate result of Defendant's conduct, Soumana suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

**COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112 et seq.**

81. Soumana restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

82. At the time of his employment Soumana was able to complete the essential functions of his job.

83. Soumana is disabled.

84. In the alternative, Defendant perceived Soumana as being disabled.

85. Soumana's condition constituted a physical impairment.

86. Soumana's condition substantially impaired one or more of his major life activities including working.

87. Defendant perceived Soumana's condition to substantially impair one or more of his major life activities including, but not limited to, working.

88. Defendant treated Soumana differently than other similarly-situated employees based on his disabling condition.

89. Defendant treated Soumana differently than other similarly-situated employees based on his perceived disabling condition.

90. Defendant terminated Soumana without just cause.

91. Alternatively, Defendant's cited reason for Soumana's termination was pretext.

92. Defendant terminated Soumana's employment based on his disability.

93. Defendant terminated Soumana's employment based on his perceived disability.

94. Defendant violated R.C. § 4112.02 when it demoted Soumana based on his disability.

95. Defendant violated R.C. § 4112.02 when it terminated Soumana based on his perceived disability.

96. Defendant violated R.C. § 4112.02 by discriminating against Soumana based on his disabling condition.

97. Defendant violated R.C. § 4112.02 by discriminating against Soumana based on his perceived disabling condition.

98. Soumana suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

99. As a direct and proximate result of Defendant's conduct, Soumana suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

<u>**COUNT III: DISABILTY DISCRIMINATION – FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA**</u>

100. Soumana restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

101. As a result of Soumana's Disability, Soumana is and was considered disabled by association within the meaning of the ADA.

102. Soumana informed Defendant of his disabling condition.

103. Soumana requested reasonable accommodations for his disabling condition from Defendant.

104. There was an accommodation available that would have been effective and would not have posed an undue hardship to Defendant.

105. Defendant failed to engage in the interactive process of determining whether Soumana needed an accommodation.

106. Defendant failed to provide an accommodation.

107. Defendant violated the ADA when it failed to engage in the interactive process to find a reasonable accommodation for Soumana.

108. Defendant violated the ADA by not providing a reasonable accommodation for Soumana.

109. As a direct and proximate result of Defendant's failure to reasonably accommodate Soumana, Soumana suffered and will continue to suffer damages including economic and emotional distress damages.

110. In refusing to accommodate Soumana, Defendant acted with malice or reckless indifference to the rights of Soumana, thereby entitling Soumana to an award of punitive damages.

## COUNT IV: FAILURE TO ACCOMMODATE UNDER R.C. 4112.01 *et seq.*

111. Soumana restates each and every prior paragraph of this Complaint, as if fully restated herein.

112. Soumana informed MARS of his disabling condition.

113. Soumana requested accommodations from MARS to assist with his disability.

114. Soumana's requested accommodations were reasonable.

115. There was an accommodation available that would have been effective and would have not posed an undue hardship to MARS.

116. MARS failed to engage in the interactive process of determining whether Soumana needed an accommodation.

117. MARS failed to provide an accommodation.

118. MARS violated R.C. § 4112.02 by failing to provide Soumana a reasonable accommodation.

119. As a direct and proximate result of MARS's conduct, Soumana suffered and will continue to suffer damages, including economic and emotional distress damages.

<strong><u>COUNT V: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS</u></strong>

120. Soumana restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

121. Pursuant to 29 U.S.C. § 2601 *et seq.*, covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

122. MARS is a covered employer under FMLA.

123. During his employment, Soumana qualified for FMLA leave.

124. During his employment, Soumana was approved and should have been allowed to lawfully utilize FMLA leave.

125. MARS failed to properly advise Soumana of his rights under FMLA.

126. MARS unlawfully interfered with Soumana's exercise of his rights under FMLA in violation of Section 105 of FMLA and section 825.220 of FMLA regulations.

127.    MARS's act of behaving disparate and hostility toward Soumana during his FMLA leave in an attempt to dissuade him from utilizing his FMLA leave violated and interfered with Soumana's FMLA rights.

128.    MARS violated section 825.300(c)(1) of FMLA and interfered with Soumana's FMLA rights.

129.    As a direct and proximate result of MARS's conduct, Soumana is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## **DEMAND FOR RELIEF.**

WHEREFORE, Plaintiff Soumana respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

    (i)      Requiring MARS to abolish discrimination, harassment, and retaliation;

    (ii)     Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii)    Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to investigate complaints promptly and/or take effective action to stop and deter prohibited personnel practices against employees;

    (iv)    Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

(v)      Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) An award against Defendant of compensatory and monetary damages to compensate Soumana for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Soumana's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.


Respectfully submitted,

*/s/ William T. LaGrone*
William LaGrone (0104199)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
1105 Schrock Road Suite 307
Columbus, Ohio 43229
Phone: (614) 468-8043
Fax:    (216) 291-5744
Email:  William.lagrone@spitzlawfirm.com

*Attorney for Plaintiff Abdoulaye Soumana*

12

13

## JURY DEMAND.

Plaintiff Abdoulaye Soumana demands a trial by jury by the maximum number of jurors permitted.

/s/ William T. LaGrone
William LaGrone (0104199)
**SPITZ, THE EMPLOYEE'S LAW FIRM**

13